Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG 25 PM 4: 26

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM, )  Criminal Case No. CF0243-06
)
     Plaintiff, )
  v. )  **DECISION AND ORDER**
) re: Motion for Reduction of Sentence
ANDREW M. TENORIO, )
)
     Defendant. )
)

This matter came before the Honorable Judge Michael J. Bordallo on Aug 06, 2009. The People were represented by Assistant Attorney J. Basil O'Malan III. Defendant was represented by Attorney Samuel S. Teker. Having reviewed the memorandum and papers presented, the court now issues the following Decision and Order denying Defendant's motion.

## BACKGROUND

On August 31, 2006, a jury of the People of Guam found the Defendant guilty of Second Degree Criminal Sexual Conduct, as a First Degree Felony; Third Degree Criminal Sexual Conduct, as a Second Degree Felony; Fourth Degree Sexual Conduct, as a Misdemeanor; Harassment, as a Petty Misdemeanor; and two counts of the Special Allegation of Commission of a Felony while on release. *Judgment* (Feb. 8, 2007). The Defendant appealed his conviction of the Second Degree Felony and the Misdemeanor. On December 19, 2007 the Supreme Court reversed Defendant's Second Degree Felony Conviction and affirmed his Misdemeanor conviction. On March 27, 2008, pursuant to the Judgment of the Guam Supreme Court, the court re-sentenced the Defendant to serve seven years incarceration with a $1,000.00 fine for the First Degree Felony; one year concurrent incarceration for the Misdemeanor; sixty days concurrent incarceration for the Petty

ORIGINAL

Misdemeanor; and five years consecutive incarceration for the Special Allegation. On March 24, 2009, Defendant filed a paper entitled Stipulated Motion Allowing Defendant to File a Motion for Reduction of Sentence. Two and a half months later Defendant filed the instant Motion for Reduction of Sentence.

## DISCUSSION

Defendant requests that pursuant to Section 120.46 of Tile 8 of the Guam Code, that the court reduce his sentence. In response to Defendant's request, at the hearing, the People indicated that they would not oppose a 2 year reduction in Defendant's sentence provided the Defendant expressed remorse and acceptance of committing his convicted offenses.

Section 120.46 of Title 8 of the Guam Code provides,

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 Guam Code Ann. § 120.46 (2008). The first issue this court must address is whether it has jurisdiction to reduce a sentence it pronounced on March 27, 2008, approximately 362 days before the Defendant requested the reduction. Statutorily, the jurisdictional 120 day time-limit begins to run when the sentence is imposed. The question then arises, when is a sentence imposed, at its pronouncement or at its filing. In 2007 the Guam Supreme Court explained how a court is to read and interpret statutes. *People v. Lau*, 2007 Guam 4 ¶ 14 (Guam Sup. Ct.Terr. 2007). In *Lau*, it held,

> In order to determine whether a statute is ambiguous, the court examines the language of the statute and the structure of the law as a whole including its object and policy. The inquiry into whether a statute is ambiguous begins with looking at the plain meaning of the language in question, and, when looking at

the language, the court's task is to determine if the language is plain and unambiguous. 'The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.' A statute's context includes looking at other provisions of the same statute and other related statutes.

*Id.* quoting, *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6 (Guam Sup. Ct. 2002). In addition to the Guam Supreme Court's instruction, the United States Supreme Court has further explained that statutes are to be interpreted in a way that presumes their constitutionality. *Boumediene v. Bush*, 128 S.Ct. 2229, 2244 (2008). With these standards in mind, a rational basis requires that a sentence's "imposition" for purposes of the statute, begin to run when its pronouncement is filed. *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). Otherwise, in those instances where the judgment was filed more than 120 days after pronouncement, persons who do not file an appeal of their sentence or convictions would irrationally and incongruently be precluded from being allowed to file motion to reconsider their sentence. 8 Guam Code Ann. § 120.46 (2008).[1]

In this case a written judgment memorializing the court's March 27, 2008, pronouncement of Defendant's sentence has yet to be filed. As such the court finds that under the plain meaning of the statute, it continues to retain the statutory jurisdiction over its sentence, under the terms delineated by Section 120.46. *Id.*

Next, Defendant's request requires the court to analyze whether the facts he asserts, justify a sentence reduction. Each of Defendant's assertions arise out his post-sentence

---

[1] An example of the incongruency referred is as follows. Defendant is sentenced on day one. The judgment is not filed until day 130. If the defendant does not appeal the judgment, he may not bring a motion to reduce. However under the same statute those who file an appeal may move for reconsideration 120 days after, "entry of any order or judgment of the Supreme Court of Guam."

behavior. Absent a situation of court administrated probation, an assertion of post-sentencing facts, however commendable, are not relevant. *Id.*

A plain reading of the statute in question limits the court's subject matter jurisdictional-authority to those types of facts which could have been discoverable at the time the sentencing occurred. *Id.* It would be impractical to conclude that a Defendant could within 120 days perform in such a manner to merit reduction. When read in its entirety the focus of the statute is to allow time for the correction of error in the sentencing process, whether it be an illegal sentence, a sentence imposed in an illegal manner, or, for purposes of sentence reduction, relevant, precedent, undiscoverable information that the court was unable to consider.[2] *Id.* Additionally, allowing the interpretation would undermine the administrative and jurisdictional function and authority of the prison and parole board over which this court holds the power of judicial review.

### CONCLUSION

For the reasons above Defendant's motion to reconsider is denied.

SO ORDERED this 25 day of August 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

AUG 2 5 2009

*Therese M. Blas*
Deputy Clerk, Superior Court of Guam.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam

---

[2] Persuasively analogous to the standard the court finds is applicable to the plain meaning intention of this statute is the standard applied to new evidence which was not otherwise discoverable that a party request a court to consider in a civil motion. Guam R. Civ. P. 60(b) (2008); Super. Ct. Guam. R. 7.1(i) (2008).